UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| JAMIE GRAY,<br><br>    Plaintiff,<br><br>V.<br><br>LISA FARMER, et al.,<br><br>    Defendants. | CIVIL NO. 5:23-CV-112-KKC-MAS<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion for summary judgment (R. 36) filed by defendant Scott Colvin, who is named only in his official capacity.

Plaintiff Jamie Gray alleges that she was a pretrial detainee at the Fayette County Detention Center when she was sexually assaulted by Joshua Rogers, a corrections officer at the jail. She asserts claims against Rogers; the Lexington-Fayette Urban County Government; Lisa Farmer, former director of Community Corrections; and Colvin, who is the current director of Community Corrections.

Gray asserts a claim against all defendants under 42 U.S. § 1983, alleging that they deprived her of her right to be free from unreasonable search and seizure under the Fourth Amendment; her right to privacy under the Fourth, Fifth, Ninth and Fourteenth Amendments; her right to equal protection of the law and procedural and substantive due process under the Fifth and Fourteenth Amendments; and her right to be free from cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution. She asserts state law claims against Farmer and Rogers, but the only claims she asserts against Colvin are the constitutional claims. She asserts those claims against Colvin in only his official capacity, and she seeks only prospective injunctive relief with her claim

1

against Colvin. (R. 1-1 Complaint ¶ 76.) Gray asks for an order requiring Defendants "to comply with applicable PREA and other legal standards and to provide adequate security measures and personal standards to protect incarcerated people." (R. 1-1 Complaint, Prayer for Relief.)

Colvin moves for summary judgment. He submits evidence that Gray is no longer in custody at the Detention Center. He argues that Gray's claim for injunctive relief is, therefore, moot. The Court agrees.

This Court's jurisdiction is limited to "cases" and "controversies." U.S. Const. Art. III, § 2. Federal courts do not have the power to adjudicate disputes that are moot. *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir.2006) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson*, 119 at 458 (citation omitted).

"A prisoner's claims for injunctive relief are mooted upon that prisoner's release or transfer." *Goldsborough v. Carlson*, 1988 WL 125368, at *1 (6th Cir.1988). Thus, Gray's claim for injunctive relief, which would require Colvin to make changes in jail policies and procedures, became moot upon Gray's release from jail. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]ny declaratory or injunctive relief that Colvin seeks stemming from his complaint has been mooted by his transfer to a different prison facility."); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("However, to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."); *Lavado v. Keohate*, 992 F.2d 601, 605 (6th Cir.1993) ("The request for an injunction

2

was obviously mooted when Lavado was released from prison.") *Cannon v. Norman*, 946 F.2d 894 (6th Cir. 1991) ("Since Cannon is no longer incarcerated in the Robertson County jail, his claims for injunctive and declaratory relief with respect to the jail are moot.")

Accordingly, the Court will dismiss as moot Gray's claim for prospective injunctive relief against Colvin in his official capacity.

In her response to Colvin's motion, Gray asks that, if the Court should dismiss the claims against Colvin, the Court enter a final judgment allowing for an immediate appeal of any such dismissal pursuant to Federal Rule of Civil Procedure Rule 54(b). That rule permits the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Court will deny this request.

First, pursuant to Federal Rule of Civil Procedure 7(b)(1), requests for an order must be made by way of a motion. A response brief is not the proper place to request a court order. *See Papineau v. Brake Supply Co., Inc.*, No. 418CV00168JHMHBB, 2020 WL 9459289, at *2 (W.D. Ky. Feb. 20, 2020)

Second, Gray does not put forth any reason that interlocutory review would be appropriate here. Rule 54(b) is intended "to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Day v. NLO, Inc.*, 3 F.3d 153, 155 (6th Cir. 1993) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2654 (1983)). The Sixth Circuit has set forth a nonexhaustive list of factors the Court should consider in striking this balance:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider

3

> the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 822 (6th Cir. 2005) 426 F.3d at 822 (citation omitted). After considering these factors, the court must "spell out its reasons for concluding that prompt review is preferable." *Id.*

"The Sixth Circuit has mandated that certification under Fed.R.Civ.P. 54(b) be a rare and extraordinary event. It is available only in unique situations where the moving party illustrates that, but for the certification, he would suffer some extreme hardship." *Callahan v. Alexander*, 810 F. Supp. 884, 886 (E.D. Mich. 1993). "Rule 54(b) certification should not be granted routinely. Instead, it should be invoked only in 'infrequent harsh case[s].'" *S2 Yachts, Inc. v. ERH Marine Corp.*, 855 F. App'x 273, 275 (6th Cir. 2021) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 5 (1980)).

Gray does not address any of the Rule 54(b) factors in her response brief or set forth any reason that she would suffer extreme hardship if she is not able to immediately appeal this order. Accordingly, the Court cannot spell out any reasons that this case presents one of the unique situations where immediate review is warranted.

For all these reasons, the Court hereby ORDERS that the motion for summary judgment (R. 36) filed by Defendant Scott Colvin, in his official capacity, is GRANTED as follows:

1) The claim for prospective injunctive relief against Scott Colvin, in his official capacity, is DISMISSED as moot and;

2) Scott Colvin is DISMISSED as a defendant in this action.

4

This 24th day of February, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY