UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **JAMIE GRAY,** <br> **Plaintiff,** <br><br> V. <br><br> **LISA FARMER, et al.,** <br> **Defendants.** | **CIVIL NO. 5:23-CV-112-KKC-MAS** <br><br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Jamie Gray's motion (DE 62) for entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b). For the following reasons, the Court hereby ORDERS that the motion is DENIED.

Plaintiff Jamie Gray alleges that, while he was a pretrial detainee at the Fayette County Detention Center, he was sexually assaulted by defendant Joshua Rogers, who was a corrections officer at the jail. Rogers later pleaded guilty to sodomy in the third degree in relation to the assault. (DE 52-3 Rogers Dep. 32-34.)

Gray filed this action against four defendants: the Lexington-Fayette Urban County Government, Lisa Farmer, Scott Colvin, and Joshua Rogers. Farmer was the director of Community Corrections at the time of the assault. Colvin is the current director of Community Corrections.

By prior orders (R. 48, 60), the Court has dismissed or entered judgment in the defendants' favor on the claims against the LFUCG, Farmer, and Colvin. Thus, the sole unresolved claims remaining in this action are the claims against defendant Joshua Rogers. The record indicates that Rogers was served with a copy of the complaint on March 31, 2023. (DE 1-1 State Court Record 32.) Rogers filed an

answer on April 21, 2023. (DE 7 Rogers Answer.) The deadline for dispositive motions has now passed.

Gray now moves for entry of a final and appealable judgment pursuant to Rule 54(b) so that he can appeal the Court's summary judgment ruling before trying the claims against Rogers, who is serving a four-year prison term for the assault.

Rule 54(b) provides that, "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). A court should consider the following nonexhaustive list of factors when considering a motion under Rule 54(b):

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)

As to the relationship between the adjudicated and unadjudicated claims, when the two sets of claims are "separate and independent," that weighs in favor of certification. This is because the appellate court would not "have to consider the same issues again if a second appeal is brought." *Just. v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994) The claims against the LFUCG and Farmer are separate from the claims against Rogers in that they depend on factors that the claims against Rogers do not, like whether the LFUCG failed to adopt policies or train staff in a manner that would have prevented the assault and

2

whether Farmer encouraged or authorized Rogers' assault. The court of appeals would not have to consider those issues again if the parties were later to appeal any verdict in the Rogers' trial.

The claims against Rogers and the claims against the LFUCG and Farmer are not independent, however because the claims against the LFUCG and Farmer depend on a finding that Rogers is liable. If he is found not liable, neither the LFUCG nor Farmer can be found liable.

For that same reason, future developments in this Court may mean that the appellate court never has to review this Court's summary judgment ruling. If a jury should find Rogers not liable then the claims against the LFUCG and Farmer would necessarily fail, and this Court's summary judgment ruling would become moot. This favors not certifying the summary judgment ruling for immediate appeal.

If, on the other hand, a jury should find Rogers liable and Rogers should appeal, then the Sixth Circuit could decide the issues raised on appeal by all parties at the same time. "Judicial economy generally is served best when appeals are presented in a unified package." *Id*. at 142.

The advantage of certifying the summary judgment ruling for immediate appeal is that, if the Court's summary judgment ruling should be overturned, then the claims against all defendants could be tried at once. Separate trials for Rogers and the other defendants would not be unduly burdensome or inefficient, however, given the separateness of the claims against them.

Considering the relevant factors, the Court declines to designate its summary judgment ruling as a final judgment.

*****

This 26th day of January 2026.



Signed By:
*__Karen K. Caldwell__*
**United States District Judge**